UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRED C MYERS, JR,

                    Petitioner,

        v.

THE TULALIP TRIBES,

                    Respondent.

Case No. 2:26-cv-00560-JCC-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2241. Dkt. 4.

The Court has carefully reviewed the petition and accompanying materials in this matter. Because plaintiff filed this action pro se, the Court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the petition, plaintiff challenges the legality of his conviction for the alleged offense of "sexual abuse." Dkt. 4, Petition at 1. Petitioner asserts he was wrongfully convicted "despite lack of evidence" and alleges "forgery and conspiracy" by three officers of the Tulalip Tribal Court but does not identify them. *Id.*

The Court ORDERS petitioner to either (1) file a brief showing cause why the petition should not be dismissed; or (2) file an amended petition correcting the deficiencies identified in this Order. Any response or amended petition must address

ORDER TO SHOW CAUSE - 1

whether he has exhausted available tribal remedies or explain why exhaustion should be excused.

### Discussion:

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241. Dkt. 4. However, 25 U.S.C. § 1303, which is part of Title I of the Indian Civil Rights Act of 1968 ("ICRA"), provides "[t]he privilege of the writ of habeas corpus … to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." *See also Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 51 (1978); *Tavares v. Whitehouse*, 851 F.3d 863, 870 (9th Cir. 2017).

Petitioner is a member of the Tulalip Indian Tribes, and it appears the offense to which he plead guilty occurred within the boundaries of the Tulalip Reservation. At the time he filed his federal habeas petition, it appears petitioner was detained pursuant to a tribal court order and therefore appears to be in "detention." (Dkt. 4, reflecting petition was mailed from Snohomish County Corrections). "Habeas claims brought under the Indian Civil Rights Act, 25 U.S.C. § 1303, are most similar to habeas actions arising under 28 U.S.C. § 2241," § 1303's "federal law analogue." *Kelsey v. Pope*, 809 F.3d 849, 854 (6th Cir. 2016).

#### 1.  Failure to State a Claim

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable

ORDER TO SHOW CAUSE - 2

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

According to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (which, under Rule 1 (b) of these Rules, the Court "may apply any or all of these rules to a habeas corpus petition not" filed under Section 2254), the Court must examine the habeas corpus petition and if it plainly appears the petitioner is not entitled to relief, the Court must dismiss the petition.

Petitioner simply states he has been "wrongfully convicted of sexual abuse despite lack of evidence" and asserts that the "Tulalip Court is silently controlled by Tulalip Board of Directors" his "ancient enemy/relative." Dkt. 4. He encloses orders from the Tulalip Tribal Court relating to the proposed appointment and denial of stand-by counsel in his appeal as evidence of fraud and forgery by three officers of the court but does not identify the officers by name. *Id.*

Petitioner fails to allege specific facts showing how the named respondent, The Tulalip Tribes, violated his rights or any facts related to fraud or forgery that would give the Court jurisdiction for habeas corpus relief.

**2. Exhaustion**

Individuals generally are required to exhaust their claims with the appropriate tribal court before turning to federal court, *see, e.g.*, *Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 953 (9th Cir. 1998) (discussing exhaustion requirement), because "[t]he federal policy of promoting tribal self-government encompasses the

development of the entire tribal court system, including appellate courts." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16-17 (1987). Considerations of comity, along with the desire to avoid procedural nightmares, have prompted the Supreme Court to insist that "the federal court stay[ ] its hand until after the Tribal Court has had a full opportunity . . . to rectify any errors it may have made." *National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857 (1985).

The exhaustion requirement is not absolute. *Rosebud Sioux Tribe of South Dakota v. Driving Hawk*, 534 F.2d 98 (8th Cir. 1976); *Janis v. Wilson*, 521 F.2d 724 (8th Cir. 1975); *United States ex rel. Cobell v. Cobell*, 503 F.2d 790 (9th Cir. 1974), *cert. denied*, 421 U.S. 999 (1975). Specifically, exhaustion is not required where "the action is patently violative of express jurisdictional prohibitions, or it is otherwise plain that the tribal court lacks jurisdiction over the dispute, such that adherence to the exhaustion requirement would serve no purpose other than delay." *Boozer v. Wilder*, 381 F.3d 931, 935 (9th Cir. 2004) (citation omitted). Likewise, "exhaustion is not required where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." *Id.*

As presently written, the petition appears subject to dismissal for failure to exhaust tribal remedies. Petitioner does not demonstrate that he has completed the tribal appellate process for the conviction he challenges. The materials attached to the petition suggest that petitioner filed this federal habeas petition while an appeal was pending before the Tulalip Court of Appeals. Dkt. 4 at 3-6 (12/19/2025 Request from the Tulalip Tribes Prosecution to Tribal Court appointing stand-by counsel in appeal number

ORDER TO SHOW CAUSE - 4

TUL-CV-AP-2025-1058; 1/20/2026 Denial of Request to Appoint Counsel because defendant refused). In a subsequent filing, petitioner states that he raised eleven issues in his opening brief before the Tulalip Court of Appeals and asks about the format for submitting the appeal as an exhibit. Dkt. 5.

Petitioner must amend his petition if he intends to pursue habeas corpus relief. If he decides to file an amended petition, the petition must allege facts to show either: (1) he fully exhausted tribal remedies prior to bringing this habeas petition or (2) exhaustion would be futile and/or the Tulalip court system offers no adequate remedy.

CONCLUSION

Petitioner fails to allege specific facts showing how the named respondent, The Tulalip Tribes, violated his rights or any facts related to fraud or forgery that would state a claim for federal habeas corpus relief. Petitioner does not demonstrate that he has completed the tribal appellate process for the conviction he challenges.

Because the petition on its face shows petitioner is not entitled to relief, the Court declines to serve the petition or to direct that an answer be filed. However, petitioner is granted leave to amend his petition, if possible, to address these issues, or file a response showing cause why the petitioner should not be dismissed. The deadline for petitioner to file an amended habeas corpus petition is April 30, 2026. Failure to do so may result in a dismissal of the action.

ORDER TO SHOW CAUSE - 5

Dated this 11th day of March, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6