UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRED C MYERS, JR,<br>Petitioner,<br>v.<br>THE TULALIP TRIBES,<br>Respondent. | Case No. 2:26-cv-00560-JCC-TLF<br>REPORT AND RECOMMENDATION<br>Noted for August 19th, 2026 |

This matter comes before the Court on petitioner's filing of an amended petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 7. For the reasons set forth below, plaintiff's amended complaint fails to state a claim, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

## BACKGROUND

In his original petition, plaintiff challenged the legality of his conviction for the alleged offense of "sexual abuse." Dkt. 4, Petition at 1. Petitioner asserts he was wrongfully convicted "despite lack of evidence" and alleges "forgery and conspiracy" by three officers of the Tulalip Tribal Court but does not identify them. *Id*.

On March 11, 2026, the Court issued an Order to Show Cause ordering the petitioner to "either (1) file a brief showing cause why the petition should not be dismissed; or (2) file an amended petition correcting the deficiencies identified in this Order. Any response or amended petition must address whether he has exhausted

available tribal remedies or explain why exhaustion should be excused." Dkt. 6. Petitioner filed a document entitled "Amended Habeas Petition" on April 15, 2026, within the Court's April 30, 2026 deadline. Dkt. 7. He filed miscellaneous exhibits on April 18, 2026. Dkt. 9. On June 22, 2026, petitioner filed a Notice of Exhaustion of Tribal Remedies, attaching the Tulalip Tribal Court of Appeals' Order Denying the Motion to Reconsider. Dkt. 10 at 5.

**Discussion**

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241. Dkt. 4. However, 25 U.S.C. § 1303, which is part of Title I of the Indian Civil Rights Act of 1968 ("ICRA"), provides "[t]he privilege of the writ of habeas corpus … to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." *See also Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 51 (1978); *Tavares v. Whitehouse*, 851 F.3d 863, 870 (9th Cir. 2017).

Petitioner is a member of the Tulalip Indian Tribes, and it appears the offense to which he plead guilty occurred within the boundaries of the Tulalip Reservation. At the time he filed his federal habeas corpus petition, it appears petitioner was detained pursuant to a tribal court order and therefore appears to be in "detention." Dkt. 4, reflecting petition was mailed from Snohomish County Corrections; Dkt. 7 (same). "Habeas claims brought under the Indian Civil Rights Act, 25 U.S.C. § 1303, are most similar to habeas actions arising under 28 U.S.C. § 2241," § 1303's "federal law analogue." *Kelsey v. Pope*, 809 F.3d 849, 854 (6th Cir. 2016).

In his original petition, petitioner simply stated he has been "wrongfully convicted of sexual abuse despite lack of evidence" and asserts that the "Tulalip Court is silently controlled by Tulalip Board of Directors" his "ancient enemy/relative." Dkt. 4. He enclosed orders from the Tulalip Tribal Court relating to the proposed appointment and denial of stand-by counsel in his appeal as evidence of fraud and forgery by three officers of the court but does not identify the officers by name. *Id*.

In his proposed amended habeas petition, he does not specify his claims. Dkt. 7. He "requests his Judgment and Sentence be reversed an all charges be vacated with prejudice." Dkt. 7 at 3. He did not file a proposed amended petition stating a claim upon which relief can be granted. Instead, he filed additional documents from other proceedings, including an opening brief, the Tulalip Tribe's response, and his reply. Dkt. 7 at 5-62. He also filed an inmate grievance form to Snohomish County Sheriff's Office regarding his legal mail not being mailed, and motions showing his rejection of stand-by counsel in his appellate proceedings. Dkt. 7 at 63-66.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus without prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 19th, 2026, as noted in the caption.

Dated this 4th day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge